## In re LESTER.

S. C. B. D. No. 186.   Oct. 9, 1934.

RILEY, C. J.  On February 14, 1934, the Board of Governors of the State Bar of Oklahoma filed in this court its recommendation that T. H. Lester of Seminole, Okla., be disbarred from the practice of law, and that his license to practice law be revoked.

On March 21, 1934, T. H. Lester filed herein his petition for review, but the same was not in compliance with rules applicable thereto, contending that: (1) The recommendation is not sustained by the evidence submitted to the said Board of Governors; (2) that the punishment is far too severe in light of the evidence; and (3) that the order and recommendation of said Board of Governors is contrary to the law applicable to the facts as shown by the evidence. The prayer is for rejection of the recommendation. No briefs have been filed, but the record is before us.

It is clearly established by the record that in December, 1931, a client of respondent was garnisheed by process issuing from the district court of Seminole county; that the client (a Negro) paid the respondent $375,

the amount of money which by the process of court he was required to account for as garnishee. Therefore the respondent uttered, issued, and delivered his check in the amount of $360 to the attorney for the judgment creditor, who had caused the garnishee summons to issue. This check was dated January 28, 1932. Some agreed costs had been deducted from the amount of money paid respondent by his client. The check was protested for insufficient funds at the bank upon which it was drawn. In March, 1933, the respondent made good the defalcation by issuing his note and securing same with a mortgage in favor of the client, W. A. Shaw, who had been required by order of court to pay directly into court the $375, instead as in the first instance intrusting his attorney with said sum of money.

The testimony adduced before the administrative committee by the complainant and respondent abundantly and separately support the charge and the finding of fact by the State Bar.

There is no escape from the conclusion that the conduct of respondent amounts to a violation of the oath taken by him upon his admission to the bar of this state. In fact, the result of respondent's conduct was not only a delay, but an obstruction of justice. According to the record, the interests of litigants would not be best served by rejection of the recommendation of the State Bar.

It is the order of this court that the respondent be, and he is hereby, disbarred from the practice of law as heretofore authorized by his license issued out of this court.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. ANDREWS, BUSBY, and WELCH, JJ., absent.